CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
PKu
APR 21 2006
JOHN F. CORCORAN, CLERK
BY: H\McDonasol
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| REGINALD EUGENE HAYDEN, Petitioner, | Civil Action No. 7:06CV00211 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

The petitioner, Reginald Hayden, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Upon review, I believe that the motion should be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because the petitioner has already filed a § 2255 motion challenging the same sentence, the petitioner's motion must be dismissed as successive.

In August of 1994, a jury convicted the petitioner of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The petitioner was sentenced to a total term of imprisonment of 360 months. The petitioner's conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. On June 9, 1997, the petitioner challenged his conviction and sentence in a § 2255 motion. The motion was denied on February 27, 1998.

In his present motion under Rule 60(b), the petitioner seeks to "reopen the previously dismissed" § 2255 motion on the basis that the court erred in dismissing his first claim. In his first claim, the petitioner argued that his attorney was ineffective at sentencing for failing to challenge the amount of drugs attributed to the petitioner. Upon reviewing the record, the court concluded that the first claim was without merit, because the petitioner failed to establish that his attorney's performance was deficient or that his attorney's performance prejudiced his defense. See Strickland

v. Washington, 466 U.S. 668, 669 (1984). The petitioner now alleges that there was sufficient evidence of prejudice.

Because the petitioner's motion is "nothing more than a request that the ... court change its mind" with respect to its earlier ruling, "it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (1982). "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." Id. Since the petitioner's motion is not proper under Rule 60(b), the court must construe it as a successive motion under § 2255. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). As a successive § 2255 motion, the petitioner's motion falls under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to this statute, this court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255, ¶8. Since the petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a successive § 2255 motion, the petitioner's current motion must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 21st day of April, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge

2